# McALOON & FRIEDMAN, P.C.
## Counselors at Law
123 William Street
New York, New York 10038-3804
Telephone: 212-732-8700 * Facsimile: 212-227-2903
Firm E-mail: McAF@mcf-esq.com

SASHA SAGALOVICH
Telephone Ext: 216
E-mail: sashasagalovich@mcf-esq.com

November 30, 2010

**VIA ELECTRONIC FILING**
Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re: Clifford Foster, Jr. v. The City of New York,
          New York Health & Hospitals Corporation, et al.
          Index No.: 09 Civ 3098
          Patient: Clifford Foster
          Our File: 065-252009

Dear Honorable Sir:

  This office represents defendant New York City Health and Hospitals Corporation in the above referenced matter. I am writing to object to Mr. Glovin's written request for yet another extension of the discovery deadline. The court has already extended it twice.

  First, Mr. Glovin's request is untimely, discovery having ended by order of this court five days before he submitted the instant request. Second and more important, he requests the extension to obtain a response to a discovery request that is improper, unduly burdensome and seeks evidentiary material. Moreover, the purpose of seeking such information is to collaterally attack the credibility of a witness, a New York City Police Officer.

  More specifically, in a letter dated October 26, 2010, Mr. Glovin demanded "the name of the HHC [sic] police/security officer who released the plaintiff from his handcuffs on the day of plaintiff's entry to the Kings County Hospital." The Kings County Hospital contains no references to this event and, on November 19, 2010, Sgt. Groysman, the officer in question, testified that he released Mr. Foster from the handcuffs at the hospital. It is unreasonable to expect that NYCHHC conduct an investigation, identify every security officer on duty that day, and then interview each one to see if anyone recalls the patient and releasing him from handcuffs. Moreover, if anyone did, of what relevance is it to any of the claims here? Certainly, it has no bearing on any of the claims against NYCHHC.

Once Mr. Foster was brought to the hospital, §9.39 of the Mental Hygiene Law provides for an extensive process for the hospital staff to follow for evaluating a patient who has been admitted as an emergency status patient and providing appropriate and timely notices to the patient of his/her admission. Both the Kings County Hospital medical records and the deposition of Mr. Foster confirm that the Mental Hygiene law was closely followed by the hospital staff at all times during Mr. Foster's admission.

For the foregoing reasons, we respectfully request that the Court deny plaintiff's request to extend discovery to avoid further delay of the disposition of this case. We maintain our position that the plaintiff's claims against NYCHHC are completely meritless and we intend to move for sanctions. Plaintiff has been notified as such in prior correspondence.

We appreciate your consideration of this matter. Should you have any questions, please don't hesitate to contact me. Thank you.

    Very truly yours,

    *Sasha Sagalovich*

    Sasha Sagalovich AS2837